# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1683V
### (not to be published)

| | |
|---|---|
| APRIL L. STRANG-KUTAY,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Filed: April 18, 2022<br><br>Corrected: May 13, 2022<br><br>Ruling on Entitlement; tetanus-diphtheria-acellular pertussis ("Tdap") vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On October 31, 2018, April L. Strang-Kutay ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she received on November 6, 2017. Pet. at 1.

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On November 2, 2021, I ruled that the onset of Petitioner's shoulder injury occurred within 48 hours of vaccination and that she received the vaccination in her right arm. ECF No. 45 at 2. On April 18, 2022, Respondent filed an amended Rule 4(c) Report. Amended Resp't's Rep., ECF No. 52.

In the Amended Rule 4(c) Report, Respondent stated that "in light of the Special Master's Findings of Fact, and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table." Amended Resp't's Rep at 5. Respondent further stated that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act. 42 U.S.C. § 300aa-13". *Id.* at 6. Respondent requested that I decide the issue of entitlement based on the existing record. *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that the Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
