# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1683V
**(not to be published)**

| | |
|---|---|
| APRIL L. STRANG-KUTAY, | |
| Petitioner, | Filed: July 12, 2022 |
| v. | Entitlement; Decision by Proffer; Damages; Tdap Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jeffrey Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On October 31, 2018, April Strang-Kutay ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following administration of a Tdap vaccination she received on November 6, 2017. Pet. at 1.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On November 2, 2021, I issued a Findings of Fact Regarding Situs and Onset, finding that Petitioner received her Tdap vaccination in her right arm and her shoulder pain began the same day. ECF No. 45.

On April 18, 2022, Respondent filed an Amended Rule 4(c) Report stating the DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Am. Resp't's Rep. at 5, ECF No. 52.

I issued a Ruling on Entitlement the same day and referred this case to Special Master Sanders for ADR. ECF Nos. 53, 54. Special Master Sanders removed this case from the ADR Process on June 30, 2022. ECF No. 59.

Respondent subsequently filed a proffer on July 11, 2022 (ECF No. 60), agreeing to issue the following payment:

> A lump sum payment of **$115,060.49**, paid in the form of a check to Petitioner; comprising of: $110,000.00 for pain and suffering, and $5,060.49 for past unreimbursable expenses.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $115,060.49, in the form of a check payable to Petitioner, April Strang-Kutay**. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| APRIL L. STRANG-KUTAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1683V |
| v. ) | Special Master Oler |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 31, 2018, April L. Strang-Kutay ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a Tdap vaccine she received on November 6, 2017. Petition at 1. On April 18, 2022, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Special Master Oler's Findings of Fact ruling that petitioner received the Tdap vaccine in her right arm and that the onset of petitioner's right arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report at 2 (ECF #52). That same day, Special Master Oler issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her

shoulder injury related to vaccine administration ("SIRVA").[1] *See* Ruling on Entitlement (ECF #53).

I. **Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $110,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,060.49. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 18, 2022, entitlement decision.

Court's judgment award the following[2]:  a lump sum payment of $115,060.49, in the form of a check payable to petitioner.

**III.     Summary of Recommended Payments Following Judgment**

      Lump sum payable to petitioner, April L. Strang-Kutay:        **$115,060.49**

      Respectfully submitted,

      BRIAN M. BOYNTON
      Principal Deputy Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Acting Director
      Torts Branch, Civil Division

      HEATHER L. PEARLMAN
      Deputy Director
      Torts Branch, Civil Division

      LARA A. ENGLUND
      Assistant Director
      Torts Branch, Civil Division

      /s/ Emilie F. Williams
      EMILIE F. WILLIAMS
      Trial Attorney
      Torts Branch, Civil Division
      U.S. Department of Justice
      P.O. Box 146
      Benjamin Franklin Station
      Washington, D.C. 20044-0146
      Tel:  (202) 305-0124
      Emilie.williams@usdoj.gov

DATED:  July 11, 2022

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.